**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM GRAY | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 18 CV 2624 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Magistrate Judge Beth W. Jantz |
|     Defendants. | ) | |

**PARTIES' JOINT STATUS REPORT**

**1.**   **A brief summary of the claims asserted in the complaint and any counterclaims or third-party complaints.**

Plaintiff Adam Gray alleges that Defendants caused his wrongful conviction for an arson-double homicide he did not commit. Plaintiff was 14 years old when he was arrested for this crime and spent 24 years in prison before his conviction was vacated. Mr. Gray was granted a certificate of innocence on February 21, 2018.

Plaintiff contends that Defendants took advantage of his young age and coerced and fabricated his false confession. Plaintiff alleges that Defendants also engaged in unduly suggestive tactics to obtain a false identification and fabricated physical evidence, which deprived Plaintiff of his right to a fair trial.

Plaintiff alleges that Defendants violated his Fifth Amendment right against self-incrimination, his due process rights under the Fourteenth Amendment, and his Fourth Amendment right to be free from deprivation of liberty without probable cause. He also alleges that Defendants failed to intervene to prevent the violation of his constitutional rights and conspired to deprive him of his constitutional right. Plaintiff also alleges state law claims for intentional infliction of emotional distress, malicious prosecution, civil conspiracy, indemnification, and *respondeat superior* on state law claims. In addition, Plaintiff alleges that the Defendant City of Chicago is liable for the violation of his constitutional rights due to its policies, practices, and failure to train under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

On July 17, 2018, the parties entered into a stipulation regarding Defendants Nicholas C. Crescenzo, Jr., George Jenkins, Michael A. Pochordo, Craig Cegielski, and Joseph Gruzka, who passed away before the filing of this lawsuit. Dkt. 50. On September 28, 2018, the stipulation was amended to include deceased defendant, Ernest W. Rokosik. Dkt. 78. The stipulation allowed for the appointment of a Special Representative as to these deceased defendants and agreed that no discovery would be taken from them. The stipulation further agreed that Plaintiff's *Monell* claim against the City of Chicago would be bifurcated from the claims against the individual defendants until resolution of

motions for summary judgment. The stipulation provided that if summary judgment is resolved against the individual defendants, the parties are to meet and confer to discuss whether *Monell* discovery is necessary and appropriate and to raise any disputed issues in that regard with the Court.

Defendant City of Chicago asserts it should not be held liable unless Plaintiff proves he suffered a constitutional wrong attributable to the individual Chicago police and/or fire defendants.  Defendant City of Chicago further denies it has any unconstitutional policies, practices or customs and therefore there is no basis for liability under *Monell.* Defendants assert no counterclaims at this time.

Defendants Percy Davis, Daniel McInerny, and Robert Fitzpatrick deny Plaintiff's allegations and assert no counter claims at this time.

Defendants James Brown and Cook County deny Plaintiff's allegations and assert no counterclaims at this time.

2. **A brief statement of the relief sought, including an itemization of damages.**

   Compensatory damages; punitive damages where allowed by law; attorney's fees and costs.

3. **A description of the matter referred to the magistrate judge for ruling as described in the referral order.**

   This case was referred to magistrate judge for the purposes of discovery supervision and the following motions:
   - Plaintiff's motion to compel (ECF 119)
   - Cook County's motion to quash (ECF 127)
   - Plaintiff's motion to set expert discovery and dispositive motion deadlines (ECF 137)
   - Individual Defendants' motion for extension of time to complete discovery (ECF 142)

   *See* (ECF 121, 133, 151).

4. **The status of any briefing on the matter(s) referred.**

   All motions mentioned in #3, above, have been fully briefed. Magistrate Weisman has ruled on the issues outlined in these motions as well as other discovery motions filed before him. The case remains with the magistrate for discovery supervision.

5. **Any existing discovery cut-off, pre-trial order, or trial date.**

   Fact discovery closed on January 31, 2020. The court granted the parties leave to take the following witnesses' deposition outside the close of fact discovery:
   - Marty Beyer
   - ASA Fabio Valentini

- Roger Shuy
- Brenda Thomas

**6.  If the case has been referred for management of discovery, provide a brief description of discovery that has been completed and any depositions that have been set; also state whether the parties anticipate discovery of Electronically Stored Information ("ESI") in this case, and if so, what agreements have been reached regarding ESI and whether there are any areas of disagreement regarding ESI.**

With the exception of three depositions (Beyer's deposition completed on Feb. 13th), fact discovery is now closed. The deposition of ASA Fabio Valentini is scheduled for March 17, 2020. The deposition of Roger Shuy will be scheduled for some time in April due to Mr. Shuy's health concerns. *See* (ECF 193). Parties are still working on serving Brenda Thomas.

The outstanding depositions will not impact expert discovery. Parties propose setting an expert discovery schedule and dispositive motions deadlines at this time.

**Plaintiff's proposed schedule and position**:
*Expert Discovery Schedule:*
- The parties' expert reports due on **May 19, 2020**
- The parties' rebuttal experts (if any) due on **June 21, 2020**
- **August 7, 2020** for the completion of all expert discovery, including expert depositions

*Dispositive Motions Briefing Schedule:*
- Dispositive motions due by **September 8, 2020**
- Responses due by **September 29, 2020**
- Replies due by **October 13, 2020**

*Position:*
Defendants' proposed date for disclosure of expert rebuttal reports (and the dates that follow from it) is extraordinarily long, 11 weeks from the May 19, 2020 due date for expert reports. Rule 26(a)(2)(D)(ii) provides perspective here: rebuttal expert reports are due within 30 days of the report that the expert is rebutting, unless the Court sets different deadlines. Defendants assert that Plaintiff has had "years" to investigate his claims and find experts, but so have Defendants: Plaintiff disclosed expert reports from arson, confession, and eyewitness identification experts that Plaintiff used during his post-conviction proceedings with his initial disclosures in this case, which were served in 2018. Thus, Defendants have known since the outset of the case what Plaintiff's experts will say. The parties even discussed whether Plaintiff's experts would be deposed during fact or expert discovery. The extraordinary amount of time proposed by Defendants is contrary to Rule 1, which requires the just, speedy, and inexpensive determination of every action.

**Defendants' proposed schedule and position**:

*Expert Discovery Schedule:*
- The parties' expert reports due on **May 19, 2020**
- The parties' rebuttal experts (if any) due on **August 3, 2020**
- **September 19, 2020** for the completion of all expert discovery, including expert depositions

*Dispositive Motions Briefing Schedule:*
- Dispositive motions due by **November 2, 2020**
- Responses due by **December 2, 2020**
- Replies due by **December 16, 2020**

*Position:*

Plaintiff has had years to investigate his claims, interview witnesses, and develop his case. He has engaged experts since as early as 2002, including three experts on fire related alone. Then Plaintiff likely will have additional experts beyond what he has already used. This case involves complex claims and theories, thousands of records from decades of proceedings, and dozens of witnesses and related testimony. It is likely there will be a number of rebuttal experts on these complex issues.

7. **The status of settlement discussions.**

The parties have had no settlement discussions at this time.

Respectfully submitted,

| | |
|---|---|
| **Attorneys for the Plaintiff** | **Attorneys for Defendant City of Chicago** |
| /s/ Cindy Tsai | /s/ Beth Ekl |
| Jon Loevy | Terrence Burns |
| Tara Thompson | Elizabeth A. Ekl |
| Cindy Tsai | Paul Michalik |
| Loevy & Loevy | Daniel Noland |
| 311 North Aberdeen Street, 3rd Floor | Katherine C. Morrison |
| Chicago, Illinois 60607 | Daniel J. Burns |
| | Reiter Burns LLP |
| Elizabeth Wang | 311 South Wacker Drive, Suite 5200 |
| Loevy & Loevy | Chicago, IL 60606 |
| 2060 Broadway, Ste. 460 | |
| Boulder, CO 80302 | |
| | |
| **Attorneys for Defendants Cook County and** | **Attorneys for Individual City Defendants** |
| James R. Brown | /s/ Helen O'Shaughnessy |
| /s/ Jessica Gomez-Feie | Shneur Nathan |
| Kenneth M. Battle | Avi Kamionski |
| Jessica Gomez-Feie | Christopher Wallace |
| Winnefred A. Monu | Helen O'Shaughnessy |
| O'Connor & Battle LLP | Robin Shoffner |
| 20 North Clark Street, Suite 1600 | Nathan & Kamionski LLP |
| Chicago, IL 60602 | 33 West Monroe Street, Suite 1830 |
| | Chicago, IL 60603 |

## **CERTIFICATE OF SERVICE**

      I, Cindy Tsai, an attorney, on March 4, 2020, filed the foregoing Joint Status Report, via CM/ECF, causing a copy of it be delivered to all counsel of record via electronica service.

                                                       /s/ Cindy Tsai
                                                       Attorney for Plaintiff