## Deposition of Gertraud Gray

## Plaintiff's Designations

| Pages and Lines | Objection(s) | Response | Decision (allowed = admissible; disallowed = inadmissible) |
|---|---|---|---|
| 4:1-6:6 | Relevance | Relevant background | Allowed except 4:22-23; 5:1-2 (no need to mention City and County) |
| 7:11-22 | Relevance | Relevant background | Allowed for background and damages. |
| 11:8-12:19 | Relevance | Relevant background | Allowed for damages, except 12:15-19. |
| 14:7-22 | Relevance | Relevant background | Allowed for background. |
| 15:2-10 | Relevance | Relevant background | Allowed for background and damages. |
| 15:17-16:21 | Relevance | Relevant background | Allowed for background and damages. |
| 17:6-18:3 | Relevance | Relevant background; also relevant re: Plaintiff's relationship with his family and in response to Dr. Slomowitz's opinions. | Disallowed, Slomowitz excluded and otherwise time wasting on too ancillary background. |
| 18:12-17 | Relevance | Relevant background; also relevant re: Plaintiff's relationship with his family and in response to Dr. Slomowitz's opinions. | Disallowed, Slomowitz excluded and otherwise time wasting on too ancillary background |
| 21:13-23 | Speculative, Lacks Foundation | Not speculation and does not lack foundation. | Allowed given parent-child relationship for foundation. |
| 23:7-10 | Relevance | Relevant re: relationship between Plaintiff and Kasey Paris | Allowed, the Plaintiff – Kasey relationship is relevant. |
| 23:13-24:21 | Relevance | Relevant re: relationship between Plaintiff and Kasey Paris | Allowed, the Plaintiff – Kasey relationship is relevant. |
| 25:2-26:8 | Relevance | Relevant re: relationship between Plaintiff and Kasey Paris | Allowed, the Plaintiff – Kasey relationship is relevant. |

| | | | |
|---|---|---|---|
| 27:7-13 | Relevance | Relevant background to establishing the events of 3/25/93. | Allowed for lack of ready transportation. |
| 28:12-21 | Relevance | Relevant re: relationship between Plaintiff and his family and Scott Sondelski and the other Parises. | Allowed 28:12-18 for relationship with Sondelski, but disallowed 28:19-21. |
| 29:13-17 | Relevance | Relevant background to establishing the events of 3/25/93. | Allowed to explain David's absence. |
| 33:16-34:4 | Relevance | Relevant background to establishing the events of 3/25/93 and Ms. Gray's presence at the police station. | Allowed 33:16-20 for mother's presence but disallowed 36:21-34:4. |
| 34:21-35:14 36:1-37:20 | Relevance, speculative | Not speculative. The events of 3/25/93 are clearly relevant. | Allowed for lead up to scene outside the fire. |
| 38:6-39:13 | Relevance, Speculation | Not speculative. The events of 3/25/93 are clearly relevant. | Allowed 38:6-16, relevant for the Sondelski accusation; disallowed 38:17-39:13 as barred good-character evidence and speculation. |
| 39:15 | Lacks Foundation, Improper character evidence | Not speculative. Relevant background re: the events of 3/25/93 and Ms. Gray's actions. | Disallowed as barred good-character evidence and speculation. |
| 39:17-19 | Relevance | Relevant re: Plaintiff's relationship with his mother and events of 3/25/93. Also relevant in response to Dr. Slomowitz's opinions. | Disallowed as barred good-character evidence and speculation, and Slomowitz excluded. |
| 39:21-23 | Relevance | Relevant re: Plaintiff's relationship with his mother and events of 3/25/93. Also relevant in response to Dr. Slomowitz's opinions. | Disallowed as barred good-character evidence and speculation, and Slomowitz excluded. |
| 40:2-10 | Relevance | Relevant re: Plaintiff's relationship with his mother and events of 3/25/93. Also relevant in response to Dr. Slomowitz's opinions. | Disallowed as barred good-character evidence and speculation, and Slomowitz excluded; cumulative as to school activities. |

| | | | |
|---|---|---|---|
| 49:16-20 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 50:17-19 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 51:2-6 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 51:20-52:6 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 52:12-19 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 52:22-53:1 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 53:6-13 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 53:19-54:18 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 54:22-56:6 | | | |
| 56:12-57:12 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 57:14-16 | Relevance, Speculation | The events of 3/25/93 are clearly relevant. Not speculation, testimony is based on Ms. Gray's observations. | Allowed to show Plaintiff's condition when woken; based on personal observations. |
| 57:18 | Relevance, Speculation | The events of 3/25/93 are clearly relevant. Not speculation, testimony is based on Ms. Gray's observations. | Allowed to show Plaintiff's condition when woken; based on personal observations. |
| 57:20-58:2 | Relevance, Speculation | The events of 3/25/93 are clearly relevant. Not speculation, testimony is based on Ms. Gray's observations. | Allowed to show Plaintiff's condition when woken; based on personal observations. |
| 58:12-17 | Relevance, Speculation | The events of 3/25/93 are clearly relevant. Not speculation, testimony is | Allowed to show Plaintiff's condition |

|  |  | based on Ms. Gray's observations. | when woken; based on personal observations. |
| --- | --- | --- | --- |
| 60:2-12 |  |  |  |
| 63:15-22 | Relevance | The events of 3/25/93 and Ms. Gray's observations of Plaintiff are clearly relevant. | Allowed to show available clothing. |
| 66:6-9 |  |  |  |
| 66:15-21 | Relevance | The events of 3/25/93 and Ms. Gray's observations of Plaintiff are clearly relevant. | Allowed to show available clothing. |
| 68:2-9 | Relevance, Hearsay | The relationship between Plaintiff and Ms. Gray is relevant to both claims and damages. Not hearsay. | Allowed for damages. |
| 70:9-15 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 71:2-10 | Relevance | The events of 3/25/93 are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 72:6-73:4 | Foundation, Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with Plaintiff that day are clearly relevant. No foundation problem. | Allowed to explain lack of questioning and to show Plaintiff's condition at time; based on personal observations. |
| 73:8-11 | Foundation, Relevance, Speculative | The events of 3/25/93 and Ms. Gray's actions and conversations with Plaintiff that day are clearly relevant. No foundation problem or speculative testimony. | Allowed to explain lack of questioning and to show Plaintiff's condition at time; based on personal observations. |
| 73:14-16 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with Plaintiff that day are clearly relevant. | Allowed to explain lack of questioning and to show Plaintiff's condition at time; based on personal observations. |
| 74:10-18 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with Plaintiff that day are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 75:2-11 | Relevance | The events of 3/25/93 and Ms. Gray's actions that day are clearly relevant. | Allowed to show mother's relevant acts on that day. |

| | | | |
|---|---|---|---|
| 75:18-20 | Relevance | The events of 3/25/93 and Ms. Gray's actions that day are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 77:8-78:3 | | | |
| 78:10-79:7 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show step in investigation. |
| 79:10 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show step in investigation. |
| 79:12-14 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show step in investigation. |
| 79:16 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show step in investigation. |
| 80:6-9 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show step in investigation. |
| 80:13-17 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show step in investigation. |
| 81:8-11 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant, as are her description of the officers' appearance. | Allowed to show step in investigation. |
| 81:16-17 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant, as are her description of the officers' appearance. | Allowed to show step in investigation. |
| 81:22 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant, as are her description of the officers' appearance. | Allowed to show step in investigation. |

| | | | |
|---|---|---|---|
| 82:1 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant, as are her description of the officers' appearance. | Allowed to show step in investigation. |
| 83:2-9 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant, as are her description of the officers' appearance. | Allowed to show step in investigation. |
| 83:15-16 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant, as are her description of the officers' appearance. | Allowed to show step in investigation. |
| 84:17-21 | Relevance | The events of 3/25/93 and Ms. Gray's actions and conversations with the police that day are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 85:8-86:4 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 86:10-21 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 87:9-88:1 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 88:18-22 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to show mother's relevant acts on that day. |
| 89:13-90:1 | | | |
| 90:3 | | | |
| 90:6-11 | | | |
| 90:16-22 | | | |
| 91:11-19 | | | |
| 92:9-12 | | | |
| 92:16-94:15 | | | |

| | | | |
|---|---|---|---|
| 95:10-12 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to try to corroborate station presence. |
| 95:19-96:6 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to try to corroborate station presence. |
| 96:12-18 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed for details on station-visit aftermath. |
| 98:1-99:13 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed for station presence; and then to explain, with no good-character issue and its limits obvious to the jury, why mother did not question Plaintiff. |
| 99:15 | Relevance | The events of 3/25/93 and Ms. Gray's presence at the police station are clearly relevant. | Allowed to explain, with no good-character issue and its limits obvious to the jury, why mother did not question Plaintiff. |
| 99:17-18 | Relevance, Improper bolstering | The events of 3/25/93 and Ms. Gray's conversations with Plaintiff are relevant. | Allowed to explain, with no good-character issue and its limits obvious to the jury, why mother did not question Plaintiff. |
| 116:13-14 | Relevance | Whether Ms. Gray had a phone at her home at the time of the events is relevant and disputed by Defendants. | Allowed given the dispute. |
| 116:17 | Relevance | Whether Ms. Gray had a phone at her home at the time of the events is relevant and disputed by Defendants. | Allowed given the dispute. |
| 116:19-20 | Relevance | Whether Ms. Gray had a phone at her home at the time of the events is relevant and disputed by Defendants. | Allowed given the dispute. |
| 116:23-117:2 | Relevance | Whether Ms. Gray had a phone at her home at the time | Allowed given the dispute. |

| | | | |
|---|---|---|---|
| | | of the events is relevant and disputed by Defendants. | |
| 117:7-13 | Relevance | Whether Ms. Gray had a phone at her home at the time of the events is relevant and disputed by Defendants. | Allowed given the dispute. |

**Individual Defendants' Designations:**

| Pages and Lines | Objection(s) | Response | Decision (allowed = admissible; disallowed = inadmissible) |
|---|---|---|---|
| 9:11-13 | | | |
| 19:1-21:12 | Relevance, FRE 403, 404(b). *See* Plaintiff's motion *in limine*. | Relevant background information. | Disallowed as prior bad acts and Rule 403. |
| 37:21-38:5 | Asked and answered. | It is not asked and answered because it poses different questions than the objection's citation. | Allowed, adds information. |
| 40:23-41:3 | | | |
| 42:13-43:2 | | | |
| 46:2-46:23 | Relevance, FRE 403, 404(b). *See* Plaintiff's motion *in limine*. | Relevant background information. Establishes modus operandi. | Disallowed, there will be other evidence on fire familiarity much closer in time and more probative. |
| 47:11-48:8 | Asked and answered. | It is not asked and answered because it poses different questions than the objection's citation. | Allowed to set up 48:6, 8. |
| 56:7-11 | Plaintiff does not object to this designation, except to note that Defendants have inexplicably objected to all other portions of this testimony on the surrounding pages that Plaintiff has designated on "relevance" grounds. | Objection withdrawn for the testimony designated by Plaintiff at 54:22-55:16. The objection still stands for the testimony at 55:17-56:6 because it is irrelevant. The lines designated by Defendants here are relevant to further establish the timeline of events that occurred on 3/25/93. | Allowed. |
| 58:3-10 | Asked and answered, at 57:14- | This is not asked and answered as it poses two | Allowed, adds information. |

| | | | |
|---|---|---|---|
| | 58:2 and 58:12-17, to which Defendants inexplicably object. There is no basis for designation of Defendants' portion (58:3-10) but not Plaintiff's portions on pages 57-58. | different questions than the objection's citations and is key to further develop the timeline of events that occurred on 3/25/93. | |
| 60:13-62:19 | | | |
| 64:2-17 | | | |
| 65:5-66:5 | Plaintiff does not object to this designation, except to note that Defendants have inexplicably objected to all other portions of this testimony on the surrounding pages that Plaintiff has designated on "relevance" grounds. | Objection withdrawn for the testimony designated by Plaintiff at 60:2-12 and at 66:6-9. The objection still stands for the testimony designated by Plaintiff at 66:15-21 as not relevant and speculative in nature. | Allowed. |
| 66:22-67:16 | | | |
| 71:13-72:5 | Plaintiff does not object to this designation, except to note that Defendants have inexplicably objected to all other portions of this testimony on the surrounding pages that Plaintiff has designated on "relevance" grounds. | The surrounding pages contain speculative testimony from Mrs. Gray that lacks foundation and relevance. The portion designated by Defendants here are related to the timeline of the events that occurred on 3/25/93. | Allowed. |
| 78:4-9 | | | |
| 84:14-16 | Plaintiff does not object to this designation, except to note that | This testimony is not related to the testimony Plaintiff designated on pages 85 to 87 of this transcript. | Allowed. |

| | | | |
|---|---|---|---|
| | Defendants have inexplicably objected to all other portions of this testimony on pages 85-87 that Plaintiff has designated on "relevance" grounds. | | |
| 86:5-9 | Plaintiff does not object to this designation, except to note that Defendants have inexplicably objected to all other portions of this testimony on the surrounding pages that Plaintiff has designated on "relevance" grounds. | If Individual City Defendant's objection is not sustained, this portion should be read in for completeness purposes. | Allowed. |
| 101:12-14 | | | |
| 103:5-11 | Relevance. FRE 403 | This is relevant to establish the criminal timeline of this case. | Disallowed, Marchlewski not testifying, and did not recall anyway. |
| 105:11-106:6 | Relevance. FRE 403 | This is relevant to establish the criminal timeline of this case. | Disallowed, Marchlewski not testifying, and did not recall anyway. |
| 106:10-107:20 | Relevance, FRE 403, 404(b), hearsay. *See* motion *in limine*. Also, improper refreshing recollection – witness was shown document and testified she did not recall, thus the document did not refresh her recollection. Improper for attorney to then testify to what the | This is relevant to establish the criminal timeline of this case. This is not improper character evidence as it refers to an interview Dr. Marchlewski, a psychiatrist, had with Gertraud Gray to help the Court decide whether to charge Plaintiff as a juvenile or adult. This is not improper hearsay evidence because they were made for the purposes of medical diagnosis or treatment under FRE 803(4). Further, counsel was not testifying. | Disallowed, Marchlewski not testifying, and did not recall anyway. |

| | | | |
|---|---|---|---|
| | document says or read it into evidence through his own questions/assertions. | | |
| 110:1-111:8 | Relevance, FRE 403, 404(b), hearsay; improper refreshing recollection – witness was shown document and testified she did not recall; it is improper for attorney to testify through his own questions/assertions. | This is relevant to establish the criminal timeline of this case. This is not improper character evidence as it refers to an interview Dr. Marchlewski, a psychiatrist, had with Gertraud Gray to help the Court decide whether to charge Plaintiff as a juvenile or adult. This is not improper hearsay evidence because they were made for the purposes of medical diagnosis or treatment under FRE 803(4). Further, counsel was not testifying. | Disallowed, Marchlewski not testifying, and did not recall anyway. |
| 113:9-115:23 | Plaintiff does not object to this designation if Plaintiff's designation of redirect testimony on same topic is also permitted (see pp. 116-117). | The testimony designated by Defendants here is in regards to the relevant time period in March of 1993. The testimony designated by Plaintiff on pages 116 to 117 is about the time period after the crime occurred, and is thus irrelevant. | Allowed. |