**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADAM GRAY,

        Plaintiff

    v.

DANIEL McINERNY, *et al.*

        Defendants.

No. 1:18-CV-02624

Judge Edmond E. Chang

**COURT SET 3 – REVISED JURY INSTRUCTIONS**

## Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## All Litigants Equal Before the Law

In this case, Plaintiff Adam Gray is a private citizen, and Defendants Nicholas Crescenzo, Michael Pochordo, and Daniel McInerny are or were governmental officials. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. For example, you must not give any more or less credibility to statements made by a witness or a party because he or she was or is a governmental official, and you must not to give any more or less credibility to statements made by a witness or a party because he or she is a private citizen.

## Persons No Longer a Defendant

Percy Davis, George Jenkins, and Ernest Rokosik are no longer defendants in this case. Do not speculate on the reasons. You should not consider any claims against them. You should decide this case as to the remaining parties.

### Evidence

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## Deposition and Other Prior Testimony

During the trial, certain testimony was presented to you by the reading of depositions, other prior sworn testimony, or by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

.

**What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or I struck any testimony or exhibits from the record, those testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case. There is one limited exception on when you may consider the questions of lawyers as a form of evidence. When a lawyer's question included reading the witness' trial testimony to them as part of the question, and if I did not sustain an objection to the question, then you should accept that the witness did in fact give that trial testimony.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## Note-taking

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## Weighing the Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Definitions of Direct and Circumstantial Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, *direct evidence* that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." *Circumstantial evidence* that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Lawyer Interviewing Witness**

It is proper for a lawyer to meet with any witness in preparation for trial.

**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## No Inference from Judge's Questions

During this trial, I have asked some questions of some witnesses. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

### Limited Purpose of Evidence

You will recall that, from time to time during the course of this trial, I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

As one example, Mr. James Sarros read a *summary* of the 1996 criminal trial. The summary of the trial that the witness read was not being offered to prove the truth of the matters asserted in the summary. Instead, the summary serves a specific purpose: as the instructions later explain, you will be asked to consider whether evidence that was allegedly not disclosed to the Plaintiff back at the time of the earlier prosecution qualified as "material" evidence. Evidence is "material" if there is a reasonable likelihood that the result in the 1996 criminal trial would have been different if the evidence had been disclosed. So making that determination—whether allegedly withheld evidence is "material" or not—does require a comparison of the allegedly withheld evidence to the evidence introduced at the 1996 criminal trial. That is why you heard the summary, not to prove the truth of the facts asserted in the summary.

Having said that, earlier in the trial, you heard *actual* trial testimony from the 1996 criminal trial—not just a summary. Those actual pieces of the 1996 trial testimony were either read to you by a reader or you heard them through the questioning of the lawyers. Those actual pieces of trial testimony may be considered to prove the facts asserted in that trial testimony. So that's the difference between *summary* versus *actual* testimony that you have heard earlier: the actual testimony may be considered to prove the facts.

<h2 style="text-align:center">Prior Statements or Acts</h2>

**Pretrial Statements by Parties.** You may consider statements that were made by a party (that is, by the Plaintiff or the Defendants) before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

**Pretrial Statements by Witnesses under Oath at a Trial, Hearing, or Deposition.** You may consider statements that were made before trial by a witness under oath at a trial, hearing, or deposition as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

**Pretrial Statements by Witnesses not under Oath at a Trial, Hearing, or Deposition.** With respect to pretrial statements made by witnesses when *not* under oath at a trial, hearing, or deposition, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath at a trial, hearing, or deposition, or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## Expert Witnesses

You have heard witnesses given opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that an opinion witness has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witnesses' qualifications, and all of the other evidence in this case.

## Demonstrative Exhibits

Certain maps, sketches, and charts have been shown to you. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

### Testimony of Witnesses (Deciding What to Believe)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the witness's age;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

19

## Use of Interrogatories

Evidence may be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

## Certificate of Innocence

You have heard evidence that Plaintiff Gray was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

When issuing the Certificate of Innocence, the State court decided different issues than those that are before you. The State court was not asked nor did it decide the issue of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law. These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

**Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

### General Requirement of Personal Involvement

In general, Plaintiff must prove by a preponderance of the evidence that the particular Defendant you are considering was personally involved in the conduct that Plaintiff complains about. You may not hold any particular Defendant liable for what other persons, including other Chicago Police Department detectives, officers, or employees, did or did not do.

Having said that, as I will describe later, there is a claim for failure to intervene, as well as a conspiracy claim. On those claims, you must consider the specific instructions, because those claims provide for more explanation on the general requirement of personal involvement.

## Multiple Claims / Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are several defendants, it does not follow that if one is liable, any of the others is also liable.

## Claim 1—Coerced Confession

Plaintiff Gray's first claim is that Defendants Crescenzo and Pochordo violated his Fifth Amendment right against self-incrimination by improperly coercing him to give a confession.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      Plaintiff gave a confession;

2.      The confession was not made by Plaintiff voluntarily, but rather was made involuntarily as a result of coercion by the Defendant you are considering;

3.      The coerced confession was used against Plaintiff during his criminal case; and

4.      The coerced confession proximately caused damages to the Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages on this claim as to that Defendant.

I will now define some of the terms I have just used:

A confession is voluntary if, in the totality of the circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome a person's free will and ability to make a rational choice.

Evaluating the totality of the circumstances is determined based on the facts of each case with no bright line rules. It requires you to consider the characteristics of the Plaintiff that were both known or should have been known to the Defendant.

You should also consider the tactics used by the Defendant during Plaintiff's custodial interrogation. The various factors you may consider include, but are not limited to, Plaintiff's age, mental acuity, intoxication, illness, or sleep deprivation. You may consider the length and time of day of the interrogation. You may consider whether Plaintiff did or did not have the ability to communicate with others during his custody. You may consider the tactics the Defendant either did or did not use during their questioning, including deceit, promises of leniency, threats of harm, or physical or psychological abuse.

No one factor is determinative. Specific methods of interrogation, including the use of deceit, engaging in accusatory questioning, making false or misleading statements about evidence of a person's guilt, posing as a friend, and making statements to such person about the potential legal consequences of the crime being investigated, are not in and of themselves prohibited unless if taken together with the totality of circumstances they result in overcoming a person's free will and ability to make a rational choice.

## Proximate Cause

When I use the expression "proximately cause" damages, I mean a cause of the type that a reasonable person would understand is likely to cause damages. There may be more than one proximate cause for damages.

## Claim 2—Fabrication of Evidence

Plaintiff Gray's second claim is that Defendant Crescenzo violated his right to a fair trial by fabricating evidence that was used against Plaintiff in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. The Defendant you are considering knowingly fabricated evidence that was introduced against Plaintiff in his criminal case.

2. The evidence was material.

3. Plaintiff was damaged as a result.

I will now define one of the terms I have just used:

Fabricated evidence is "material" if there is a reasonable likelihood that the fabricated evidence could have affected the judgment of the jury.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Fire Science with regard to the Claim for Fabrication of Evidence**

I have an additional instruction for you with regard to the scientific evidence of charring, blistering, or alligatoring of wood as indicating that a fire was started with an accelerant and thus indicative of arson. In light of the state of fire science at the time of the arrest and prosecution of Mr. Gray, you must accept that the Defendants did not fabricate information that charring, blistering, or alligatoring of wood indicated that a fire was started with an accelerant and was indicative of arson.

## Claim 3—Failure to Disclose Exculpatory or Impeachment Evidence

Plaintiff Gray's third claim is that Defendant Crescenzo violated his right to a fair trial by failing to disclose exculpatory evidence or impeachment evidence (or both) that was material to Plaintiff's defense in the criminal case.

To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. The Defendant you are considering knowingly failed to disclose exculpatory evidence or impeachment evidence (or both), and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

I will now define some of the terms I have just used:

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory or impeachment evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

## Claim 4—Unlawful Detention

Plaintiff Gray's fourth claim is that Defendant McInerny violated his federal constitutional right against unlawful detention by causing him to be detained without probable cause before his criminal case went to trial.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant you are considering caused a criminal proceeding to be commenced or continued against Plaintiff that resulted in Plaintiff's detention.

2. The Defendant did not have probable cause to believe that Plaintiff committed the charged crimes at the time the Defendant caused the proceeding to be commenced or continued.

3. The criminal prosecution ended without a conviction.

I will now define one of the terms I have just used.

"Probable cause" exists for a criminal proceeding if, based on the evidence known at the time, a reasonable person in Defendant's position would have believed that Plaintiff had committed the charged crimes. In making this decision, you should consider what Defendant knew and the reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was later acquitted of the crimes, or his convictions were vacated, does not by itself mean that there was no probable cause at the time of his arrest.

A defendant "commenced or continued" a criminal proceeding if the Defendant played a significant role in causing the criminal prosecution.

If you find that Plaintiff has proved by a preponderance of the evidence the elements that I described above, then you must find for Plaintiff on this claim, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove by a preponderance of the evidence all of the elements that I described above, then you must find for Defendant, and you will not consider the question of damages on this claim.

### Claim 5—Conspiracy to Violate Federal Constitutional Rights

Plaintiff Gray's fifth claim is that Defendants Crescenzo and McInerny entered into an agreement to deprive him of his federal constitutional rights by coercing his confession, fabricating evidence, failing to disclose exculpatory or impeachment evidence, or causing the deprivation of his liberty without probable cause.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim as to the particular defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant joined an agreement between two or more persons to violate Plaintiff's federal constitutional rights;

2. The Defendant entered into the agreement with the intention to carry it out;

3. One or more of the participants to the agreement committed an act in an effort to carry out the agreement; and

4. As a result, Plaintiff's constitutional rights were violated in one of the ways described previously in Claims 1, 2, 3, or 4 above. If you find that Defendants conspired to deprive Plaintiff of a federal constitutional right, then on the verdict form you will specify which right was violated.

In order to show that the defendant entered into a conspiracy, Plaintiff must prove that the participants shared a common purpose. No "formal" agreement is required. In other words, a conspiracy need not be based on an express agreement and a conspiracy can be inferred from circumstantial evidence.

If you find that Plaintiff has proved by a preponderance of the evidence the elements that I described above, then you must find for Plaintiff on this claim, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove by a preponderance of the evidence all of the elements that I described above, then you must find for Defendant, and you will not consider the question of damages on this claim.

## Claim 6—Failure to Intervene

Plaintiff Gray's sixth claim is that Defendants Crescenzo and McInerny violated his constitutional rights by failing to intervene to stop the harm.

To succeed on this failure-to-intervene claim against the Defendant you are considering, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. A person violated Plaintiff's constitutional rights in one of the ways described in Claims 1, 2, 3, or 4 above;

2. The Defendant you are considering knew that another person was violating or was about to violate Plaintiff's constitutional rights;

3. The Defendant had a realistic opportunity to do something to prevent harm from occurring;

4. The Defendant failed to take reasonable steps to prevent harm from occurring;

5. The Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

## Claim 7—Malicious Prosecution

Plaintiff Gray's seventh claim is based on Illinois state law, namely, that Defendants Crescenzo and McInerny maliciously caused him to be prosecuted for aggravated arson and murder.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant caused a criminal proceeding to be commenced or continued against Plaintiff. You should use the same definition of "commenced or continued" that I have you earlier for the unlawful-detention claim;

2. Defendant did not have "probable cause" to believe that Plaintiff committed the charged crimes at the time Defendant caused the proceeding to be commenced or continued. You should use the same definition of "probable cause" that I gave you for the unlawful-detention claim.

3. Defendant acted with malice (I will define "malice" in a moment.)

4. The criminal proceedings were terminated in Plaintiff's favor and in a manner indicative of innocence.

5. Plaintiff suffered damages as a result of Defendant's actions.

A defendant acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to bring a person to justice. Malice may be inferred if a lack of probable cause has been clearly proved and the circumstances are inconsistent with good faith by the defendant.

I previously defined "probable cause" in the instructions for Claim 4—Unlawful Detention, and I previously explained what it means to "commence or continue" a proceeding in that same instruction.

If you find that Plaintiff has proved by a preponderance of the evidence the elements that I described above, then you must find for Plaintiff on this claim, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove by a

preponderance of the evidence all of the elements that I described above, then you must find for Defendant, and you will not consider the question of damages on this claim.

**Claim 8—Civil Conspiracy**

Plaintiff Gray's eighth claim is that Defendants Crescenzo and McInerny entered into an agreement to maliciously prosecute him.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.   The Defendant joined an agreement between two or more persons to maliciously prosecute Plaintiff;

2.   The Defendant knowingly joined the agreement with the intention to carry it out;

3.   One or more of the participants to the agreement committed an act in an effort to carry out the agreement; and

4.   As a result, the Plaintiff was maliciously prosecuted.

In order to show that the Defendant entered into a conspiracy, Plaintiff must prove that the participants shared a common purpose. No "formal" agreement is required. In other words, a conspiracy need not be based on an express agreement and a conspiracy can be inferred from circumstantial evidence.

If you find that Plaintiff has proved by a preponderance of the evidence the elements that I described above, then you must find for Plaintiff on this claim, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages on this claim as to that Defendant.

### Damages: General

If you find in favor of the Plaintiff on any of his claims, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find in favor of all of the Defendants on all of Plaintiff's claims, then you will not consider the question of damages.

## Compensatory Damages

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the violation.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering; disability; or loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering, or disability, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The loss of liberty that the Plaintiff experienced.

In determining compensatory damages, you must not consider the financial condition of the Defendants.

39

## Punitive Damages

If you find for Plaintiff and against Defendant McInerny, you may, but are not required to, assess punitive damages against Defendant McInerny. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant McInerny's conduct;

- the impact of Defendant McInerny's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant McInerny;

- the likelihood that Defendant McInerny would repeat the conduct if an award of  punitive damages is not made;

- Defendant McInerny's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

## Verdict Form

A verdict form has been prepared for you.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

## Final Instructions

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

**Communication with Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## Disagreement Among Jurors

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.