**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADAM GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-CV-2624 |
| v. ) | |
| ) | Judge Edmond Chang |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## CITY DEFENDANTS' RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Defendants Geri Lynn Yanow, Special Representative of the Estates of Nicholas Crescenzo and Michael Pochordo,[1] and the City of Chicago ("City") (collectively "City Defendants"), move this Court pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend Judgment and, in support, state as follows:

### INTRODUCTION

Dets. Crescenzo and Pochordo[2] are entitled to a setoff of damages from the $27,000,000 judgment against them in the amount of the settlement between Plaintiff and Defendants Assistant State's Attorney ("ASA") James Brown and Cook County ("County Defendants"), $10,750,000. On the eve of trial in this reversed-conviction case, Plaintiff reached a settlement on all claims against the County Defendants for $10.75 million. Plaintiff then proceeded to trial against the City Defendants. Plaintiff claimed damages for the time he alleged he wrongfully spent in custody, 24 years, and requested $2 million per year of custody. The jury returned a verdict against former

---

[1] For clarity and brevity, these two individual defendants will be referred to in this brief simply as Detectives Crescenzo and Pochordo.
[2] The setoff would apply to any judgment against the City as well, as the City indemnifies the Detectives. However, no judgment against the City has been entered yet.

Chicago Police Detectives Crescenzo and Pochordo on certain claims and awarded Plaintiff $27 million dollars in compensatory damages, a singular amount for all claims and both Defendants.

This is a case where there is one injury claimed against all Defendants. Plaintiff alleged ASA Brown caused the same injury as Dets. Crescenzo and Pochordo – damages as a result of his allegedly wrongful prosecution and conviction. Because Plaintiff is not entitled to double recovery for the same injury, the jury award against Dets. Crescenzo and Pochordo should be offset by the $10.75 million settlement to be paid by Cook County.

## STANDARD OF REVIEW

A motion to alter or amend the judgment under Rule 59(e) is proper "where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks and citation omitted). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted). A judgment that can be read to allow a plaintiff to recover twice for the same injury contains a manifest error of law. *Duran v. Town of Cicero*, 653 F. 3d 632, 642 (7th Cir. 2011). "A motion under Rule 59(e) to alter or amend the judgment is an appropriate vehicle to request a setoff of a jury verdict." *Fox ex rel. Fox v. Barnes*, No. 09 C 5453, 2013 WL 2111816, *2 (N.D. Ill. May 15, 2013) (citing *Zivitz v. Greenberg*, 279 F.3d 536, 539 (7th Cir. 2002)).

## BACKGROUND

Trial was set to begin in this case on May 8, 2023, against all individual Defendants, including ASA Brown and Dets. McInerny, Pochordo, and Crescenzo, arising from Plaintiff's lawsuit alleging that he was wrongfully convicted as a result of Defendants' misconduct.

The first day of trial, before jury selection, Plaintiff's counsel informed the Court and the City Defendants that Plaintiff had settled all claims against the County Defendants. Ex. A, Trial Tr. Vol. 1, p. 4; Dkt. 490. Cook County agreed to pay Plaintiff $10,750,000 in exchange for dismissal of all claims against the County Defendants. Plaintiff's counsel also orally requested at that time that the Court enter a stipulation to dismiss the County Defendants without prejudice for 90 days while the County sought County Board approval of the settlement. *Id.*

Plaintiff sued the County as an indemnitor "responsible for paying any judgment entered against Defendant Brown." Dkt. 82, Second Amended Complaint (SAC), at ¶ 25; *see also id.* at ¶ 237. The following claims were brought against ASA Brown:

- Coerced Confession (Dkt. 385-20 at 8, 41; Dkt. 385-18 at 21, 53)
- Due Process – Fabrication of Evidence (Dkt. 385-20 at 13, 41; Dkt. 385-18 at 24, 52)
- Deprivation of Liberty/Pretrial Detention (Dkt. 385-20 at 22, 41; Dkt. 385-18 at 28, 53)
- Failure to Intervene (Dkt. 385-20 at 26, 42; Dkt. 385-18 at 32, 54)
- Conspiracy (federal) (Dkt. 385-20 at 28, 42; Dkt. 385-18 at 30, 54)
- Malicious Prosecution (Dkt. 385-20 at 32, 42; Dkt. 385-18 at 33, 55)
- Intentional Infliction of Emotional Distress (Dkt. 385-20 at 30, 43; Dkt. 385-18 at 35, 55)
- Civil Conspiracy (state) (Dkt. 385-20 at 36, 43; Dkt. 385-18 at 37, 55)

The terms of the settlement agreement were memorialized in an email exchange dated May 7, 2023. Ex. B (email exchange between Plaintiff and County Defendants). In it, the County agreed to pay $10,750,000. The apportionment proposed by the County Defendants was $10 million toward damages with $750,000 toward Plaintiff's attorneys' fees and costs. *Id.* Plaintiff requested some time to determine the exact apportionment of damages, and stated that he may apportion all to damages, but he would notify the County Defendants "soon" of the apportionment. *Id.* The Court ordered Plaintiff to provide the terms of settlement agreement to the City Defendants and Plaintiff indicated he would provide Defendants a copy of the written agreement as soon as one was prepared. Ex. A, Trial Tr. Vol. 1, pp. 23. However, as of the date of this filing, despite multiple

3

requests by undersigned counsel, the settlement agreement has not been produced and Plaintiff has not disclosed the final apportionment of the settlement between fees/costs and damages.

After being notified of the settlement, on May 8, 2023, City Defendants filed a Motion for Leave to Supplement the Pretrial Order to include a request for a setoff of any subsequent judgment against them in the amount of $10,750,000. Dkt. 491; *see also* Ex. A, Trial Tr. Vol. 1, pp. 4-5 (City's oral request for setoff in response to announcement of settlement with Cook County).

Trial then proceeded against Dets. McInerny, Pochordo, and Crescenzo.[3] Det. Crescenzo was found liable of the following claims: Coerced Confession (Claim 1), Due Process - Fabrication of Evidence (Claim 2), Conspiracy to Violate Federal Constitutional Rights (Claim 5) (on the basis of a coerced confession and fabricated evidence), Failure to Intervene (Claim 6), Malicious Prosecution (Claim 7), and Civil Conspiracy (Claim 8). Dkt. 541. Det. Pochordo was found liable on the Coerced Confession claim (Claim 1) only. *Id*. Det. McInerny was found not liable. *Id*.

Plaintiff alleged damages for "[t]he emotional pain and suffering caused by losing 24 years," his time in custody. SAC at ¶157. At trial, he asked the jury to award him damages based on the time he was in custody. Ex. C, Trial Tr. Vol. 12, pp. 3089, 3092-3098. He argued that he was entitled to $2 million per year for each of the 24 years in custody as a result of his alleged wrongful prosecution and conviction. *Id.* at 3089. The jury awarded $27 million in compensatory damages, not divided by claim or defendant, but jointly and severally against Dets. Crescenzo and Pochordo. This Court entered judgment against Dets. Crescenzo and Pochordo reflecting the jury's verdict on May 25, 2023. Dkt. No. 542.

---

[3] The trial also included other defendants who were former employees of the City, including Percy Davis and the Estates of George Jenkins and Joseph Gruszka, but those individuals were dismissed by Plaintiff before submitting the case to the jury.

# ARGUMENT

The City Defendants request a "setoff" in the amount of $10.75 million reducing the $27 million in compensatory damages awarded against Dets. Pochordo and Crescenzo to $16.25 million. Setoffs of damages awarded at trial may occur where a codefendant, who would be liable for contribution, settles with the plaintiff. *Thornton v. Garcini*, 237 Ill. 2d 100, 113 (2010). Setoffs for settlements are designed to prevent double recovery for the same injury and a non-settling party. *See FDIC v. Chicago Title*, 12 F.4th 676, 689-91 (7th Cir. 2021); *see also Fox ex rel. Fox v. Barnes*, No. 09 C 5453, 2013 WL 2111816, *4-8 (N.D. Ill. May 15, 2013).

The federal courts in actions brought under federal statutes have looked to the state from which the action arose to determine setoffs. *FDIC*, 12 F.4th at 690; *see also Koh v. Village of Northbrook*, No. 11 C 02605, 2020 WL 6681352, at *4 (N.D. Ill. Nov. 12, 2020) (Chang, J.) (applying the Illinois Joint Tortfeasor Act to a § 1983 action).[4] "The question of setoffs in Illinois is governed by Section 2(c) of the Illinois Joint Tortfeasor Contribution Act . . . ." *Id.* The Act states that:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

740 ILCS 100/2(c). "The overall purpose of the Act is to prevent the saddling of one tortfeasor with the unfair burden of paying more than his 'pro rata share.'" *Koh v. Village of Northbrook*, No. 11 C 02605, 2020 WL 6681352, at *4.

---

[4] Prior to *FDIC* and *Koh*, Judge Holderman applied federal common law principles when deciding whether a setoff applied in a § 1983 action. *Fox ex rel. Fox*, 2013 WL 2111816, *3. However, he held in applying the federal common law, because § 1983 was silent on the issue of setoffs, he would follow the Illinois Tortfeasor Contribution Act. *Id.*

5

A full setoff is appropriate "where the settlement covers the same injury as that for which the non-settling defendant was found responsible." *FDIC*, 12 F.4th at 690. A setoff is proper here, where there is one injury derived from the same operative facts.

### A. A setoff is necessary to prevent double recovery.

A plaintiff may recover only once for the same injury, "irrespective of the availability of multiple remedies and actions." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 963 (Ill. 2002); *see also Pasquale v. Speed Prod. Eng'g*, 166 Ill. 2d 337, 369-70 (1995) (*abrogated on other grounds by Schweihs v. Chase Home Finance, LLC*, 77 N.E.3d 50 (Ill. 2016)) (entire amount of settlement which compensated for a single indivisible injury can be setoff against a recovery based on that injury, notwithstanding the plaintiff's assertion of two distinct theories of recovery). "[D]amages are not assessed 'by defendant' or 'by claim' but 'for' an injury." *Duran v. Town of Cicero,* 653 F.3d at 640 (7th Cir. 2011).

"Federal common law [also] prevents § 1983 plaintiffs from recovering twice for the same injury." *Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018). With respect to the single recovery rule, "[a] tort victim can obtain only one recovery for his harm, no matter how many tortfeasors inflicted it." *Bosco v. Serhant*, 836 F.2d 271, 280 (7th Cir. 1987). As the Seventh Circuit explained:

> This principle is seen most clearly in cases where a group of tortfeasors inflicts an indivisible harm, as for example where one tortfeasor places a bucket under the plaintiff's chair, another fills it with gasoline, and a third drops a match into it, causing it to explode and injure the plaintiff. Because the injury is indivisible each tortfeasor is liable for the full harm. But the plaintiff's total recovery, from all tortfeasors together, is not allowed to exceed his total damages. So once the plaintiff has been fully compensated for his injuries by one or more of the tortfeasors, he may not thereafter recover any additional compensation from any of the remaining tortfeasors.

*Id.* (internal quotation marks and citations omitted); *see also Janusz v. City of Chicago,* 832 F.3d 770, 774 (7th Cir. 2016) ("Janusz has brought claims under both federal and Illinois law, and in both jurisdictions, a tort victim can obtain only one recovery for his harm, no matter how many tortfeasors inflicted it").

Here, there is only one injury that arises from the same harm. In his Complaint, Plaintiff alleged under each theory of liability that each individual Defendant caused him to be wrongfully incarcerated for over 24 years and suffer resulting injuries including, but not limited to, physical harm, mental suffering, and loss of a normal life. SAC, at ¶¶ 154-158, 167, 173, 189, 196, 219, 226, and 231. Plaintiff testified at length during his trial about damages, and they all arose from his time in custody following his interrogation, arrest, and incarceration in the Juvenile Detention Facility (aka "Audy Home") and Illinois Department of Corrections. His testimony included the emotional and psychological impact of his incarceration. *See* Ex. D, Trial Tr. Vol. 2, pp. 325-26, Ex. E, Trial Tr. Vol. 3, pp. 508-46, 574-611, 620-26. In closing, Plaintiff's counsel asked for damages based on the time in custody. Ex. C, Trial Tr., pp. 3089, 3092-3098. Counsel argued that "[i]f a usual, appropriate range would be between a million and $2 million a year for an injury like this," Plaintiff should get $2 million per year of custody, "because of the way he suffered." Ex. C, Trial Tr. Vol. 12, p. 3089. He was ultimately awarded a single damages figure – $27 million – for which Defendants Pochordo and Crescenzo are jointly and severally liable, regardless of the fact that Pochordo was found liable for only one claim.

The jury awarded one set of damages for which Defendants are jointly and severally liable. Had ASA Brown been on the verdict form, the same would have been true. Before the settlement, the parties submitted proposed verdict forms. The verdict forms included ASA Brown as a Defendant, as no settlement had been reached before trial. Dkt. 385-20 at 41-44; Dkt. 385-18 at

7

52-56. Though Plaintiff submitted a different version of the form than Defendants, both versions contained only one line for compensatory damages, indicating that in the event liability was found against any Defendant one figure for compensatory damages should be awarded regardless of which Defendant(s) or claim(s) the jury imposed liability. Dkt. 385-20 at 44; Dkt. 385-18 at 56.

Thus, under the single recovery rule, Plaintiff is entitled to recovery only once for those indivisible injuries. The damages Plaintiff alleged that he suffered were not attributable to a single claim or Defendant. *See* Dkt. 533-1, p. 4 (verdict form). Given that there was one injury, the full setoff of $10.75 million is appropriate.

Any attempt, post-verdict, for Plaintiff to reverse-engineer his settlement and apportion an amount to a specific claim against ASA Brown that somehow does not include Dets. Pochordo and Crescenzo would not be in good faith. A party should not be able to excuse an opponent from trial on the basis of settlement then change the terms of the settlement after it goes to trial against another party. That would allow the Contribution Act's purpose of settlement promotion "to completely eclipse the Act's competing interest in equitable apportionment." *Koh*, 2020 WL 6681352, at *6. Such a reapportionment would also be fruitless, as regardless of the claim, the settlement would still go to the same injury that Plaintiff received damages for against Dets. Pochordo and Crescenzo. Thus, the City Defendants are entitled to a full setoff.

Plaintiff may assert that the settlement with the County Defendants is now decisively divided between attorneys' fees/costs and damages and argue that the setoff should not apply to those funds allocated to fees/costs. That assertion is too late given that the settlement was reached over six weeks ago and despite repeated requests for the agreement, Plaintiff has not provided it. Plaintiff should not be permitted to avoid or reduce a setoff based on information that he has withheld from the City Defendants. That too demonstrates bad faith. *Koh*, 2020 WL 6681352, at

8

*5 (listing that a factor in evaluating bad faith of a settlement agreement is "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement").

      **B.     Plaintiff's claims against ASA Brown arise out of the same set of operative facts.**

Further demonstrating setoff is appropriate, Plaintiff's allegations against ASA Brown are inextricably intertwined with those against Dets. Pochordo and Crescenzo. In his Second Amended Complaint, Plaintiff alleged ASA Brown "was at the police station and actively working on this investigation with the Police Officer Defendants[5] starting in the early morning of March 25, 1993 through the time that he took Adam's false, coerced confession." SAC at ¶ 67. "Defendant Brown participated with the Police Officer Defendants in the unlawful interrogation of [Plaintiff] and cooperated with the Police Officer Defendants in obtaining [Plaintiff]'s false and inculpatory statement." *Id.*, at ¶¶ 67-76, 78-99. Plaintiff alleged that "Defendant Brown and the Police Officer Defendants knew that [Plaintiff]'s statement was coerced and false and merely a recitation of their fabrications. Nevertheless, the Defendants used [Plaintiff]'s coerced, fabricated confession to obtain his arrest, detention, prosecution, and conviction, all without probable cause." *Id.*, at ¶ 104. Plaintiff further alleged "as a result of the misconduct of Defendant Brown . . . and the Police Officer Defendants, [Plaintiff] was arrested, detained, prosecuted, and convicted for a crime they knew he did not commit." *Id.*, at ¶ 123.

At trial here, Plaintiff and ASA Brown affirmed ASA Brown's role in Plaintiff's interrogation and subsequent arrest and conviction. *See* Plaintiff's testimony at Ex. F, Trial Tr.

---

[5] Plaintiff defined "Police Officer Defendants" as Dets. Crescenzo, Pochordo, and McInerny, as well as several other former CPD officers who were later dismissed from the lawsuit. SAC at ¶ 21.

9

Vol. 5, pp. 1187-1253; Ex. G, Trial Tr. Vol. 6, pp. 1279-1313 and Defendant Brown's testimony at Ex. H, Trial Tr. Vol. 8, pp. 2041, 2047-95.

Specifically, Plaintiff testified that ASA Brown came into the conference room and sat "a little too close" to Plaintiff. Ex. F, Trial Tr. Vol. 5, p. 1193. Plaintiff admitted to his previous sworn testimony that ASA Brown "actively led the interrogations" and kept repeating "yes, you did" every time Plaintiff stated that he did not start the fire. *Id.*, at 1209, 1212. Plaintiff testified that "[a]ll the cops were real aggressive with me" and "I kind of lump [Brown] in with the cops," stating, "it's all one event for me." *Id.*, at 1217. ASA Brown testified that he spoke with Plaintiff multiple times between 7:30 a.m. and 11:00 a.m., at which time Plaintiff orally confessed to him. Ex. H, Trial Tr. Vol. 8, pp. 2041, 2047-2071. ASA Brown testified that when he interviewed Plaintiff, "it was my show." *Id.*, at 2008. ASA Brown further testified that based on Plaintiff's statements to Brown, ASA Brown told Det. Crescenzo where it was that Plaintiff discarded the milk container used to start the fire. *Id.*, at 2076. ASA Brown also testified that he took the court reported statement from Plaintiff around 12:05 p.m. and that Det. Pochordo witnessed Plaintiff sign that statement after it was typed by the court reporter but that Pochordo was not present at the time the statement was made. *Id.*, at 2076-80.

If Dets. Pochordo and Crescenzo coerced the confession, as the jury found, so too must have ASA Brown, who it is undisputed interrogated Plaintiff, took his confession, and was the witness the State utilized to introduce and present to the jury Plaintiff's confession at the criminal trial. *Id.*, at 2047-2095; Ex. I, Trial Tr. Vol. 11, pp. 2878-89.

Every claim decided against Det. Crescenzo was brought against ASA Brown: Due Process - Fabrication of Evidence (Claim 2), Conspiracy to Violate Federal Constitutional Rights (Claim 5) (on the basis of a coerced confession and fabricated evidence), Failure to Intervene (Claim 6),

10

Malicious Prosecution (Claim 7), and Civil Conspiracy (Claim 8). The only claim that was brought against ASA Brown at trial that was not brought against Dets. Crescenzo or Pochordo was Intentional Infliction of Emotional Distress (IIED). Dets. Crescenzo and Pochordo were granted summary judgment prior to trial on the IIED claim against them because it was time-barred. Dkt. 293, at 33. Plaintiff did not contest this finding. *Id.* Although, Plaintiff's IIED claim against ASA Brown was identical to the claim against Det. Crescenzo and Pochordo and presumably would have been dismissed on the same basis, ASA Brown did move for its dismissal. Dkt. 292. Additionally, IIED here requires a finding (as recognized by Plaintiff in his proposed jury instructions) that ASA Brown's extreme and outrageous conduct caused severe emotional damages. *See* Dkt. 385-18 at 35. The misconduct that was "extreme and outrageous" according to Plaintiff is all the same misconduct that was alleged in all the other claims against ASA Brown that alleged he caused the wrongful incarceration of Plaintiff. That claim therefore does not lead to a harm distinguishable from that which was the basis of the jury award.

When the claims arise out of the same set of operative facts, as is the case here, there may be only one recovery. *Aero Prod. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1020 (Fed. Cir. 2006). This further demonstrates that ASA Brown's actions, and the injury he caused, cannot be separated from those of Dets. Crescenzo and Pochordo. Consequently, the City Defendants are entitled to a $10.75 million dollar setoff.

## CONCLUSION

WHEREFORE, Defendant, City of Chicago, respectfully requests this Court amend the judgment against City Defendants to reflect a $10.75 million dollar setoff, and for any other relief this Court deems appropriate.

Dated: June 22, 2023

Respectfully submitted,

/s Elizabeth A. Ekl
Terrence M. Burns
Daniel M. Noland
Paul Michalik
Elizabeth A. Ekl
Reiter Burns LLP
311 South Wacker Drive, Suite 5200
Chicago, IL 60606

Attorneys for City of Chicago

/s Shneur Nathan
Shneur Z. Nathan
Avi T. Kamionski
Natalie Y. Adeeyo
Neha Locke
Breanna Brill
Nathan & Kamionski, LLP
33 West Monroe, Suite 1830
Chicago, IL 60603

Attorneys for the Individual City Defendants

## CERTIFICATE OF SERVICE

      I, Elizabeth A. Ekl, an attorney, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

      /s Elizabeth A. Ekl